UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN H. MCKINNEY,

       Petitioner,

                                  Case No. 2:06-CV-13354

v.                                   HONORABLE PATRICK J. DUGGAN

H.J. MARBERRY, et al.,

       Respondents.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on August 9, 2006.

PRESENT:  HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Allen H. McKinney ("Petitioner"), a federal prisoner currently

incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se*

application for writ of habeas corpus under 28 U.S.C. § 2241 asserting that the Bureau of

Prisons is improperly trying to take a blood sample from him for DNA testing.  Petitioner

also has filed a supplement to his petition in which he appears to be challenging the

procedures at an unidentified prison disciplinary proceeding, his loss of good time credits,

and various conditions of his confinement.

Promptly after the filing of a petition for habeas corpus, the Court must undertake

a preliminary review of the petition to determine whether "it plainly appears from the face

1

of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.  *See id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the grounds raised in the petition are meritless or unexhausted, such that the petition must be dismissed.

First, Petitioner's claims concerning the provision of a blood sample/DNA testing, prison procedures, and the conditions of his confinement do not challenge the fact or duration of his confinement.  "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core [of habeas corpus] and may be brought pursuant to [42 U.S.C.] § 1983 in the first instance."  *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S. Ct. 2117, 2122 (2004); *see also Muhammed v. Close*, 540 U.S. 749, 750, 124 S. Ct. 1303, 1304 (2004).

Second, to the extent Petitioner is attempting to challenge a prison disciplinary decision or the loss of good time credits, his habeas action is premature.  Federal habeas corpus petitioners complaining of events or conditions relating to their confinement must exhaust their administrative remedies before seeking habeas corpus relief.  *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981).  The burden is on the petitioner to prove

2

exhaustion.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner has not met his

burden of showing exhaustion of his administrative remedies.

Accordingly,

**IT IS ORDERED**, that the Petition for Writ of Habeas Corpus is **DISMISSED**

**WITHOUT PREJUDICE**.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:
Allen H. McKinney, #00532-041
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160